**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMANN (SBN: 258538)**
rwassermann@mayallaw.com
**NICHOLAS F. SCARDIGLI (SBN:249947)**
nscardigli@mayallaw.com
**VLADIMIR J. KOZINA (SBN: 284645)**
vjkozina@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**
**Website: www.mayallaw.com**

**Attorneys for Plaintiff Maria Carralez**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA CARRALEZ, an individual,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**SATELLITE HEALTHCARE, INC.**<br>**corporation; and DOES 1-100, inclusive,**<br><br>    **Defendants.** | **Case No.:**<br><br>**CLASS AND COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>1.  **FAILURE TO PAY MINIMUM WAGE**<br>2.  **FAILURE TO PAY OVERTIME**<br>3.  **FAILURE TO PROVIDE MEAL**<br>    **PERIODS**<br>4.  **FAILURE TO PROVIDE REST**<br>    **PERIODS**<br>5.  **FAILURE TO PROPERLY PAY SICK**<br>    **LEAVE**<br>6.  **FAILURE TO PROVIDE ACCURATE**<br>    **ITEMIZED WAGE STATEMENTS**<br>7.  **UNLAWFUL BUSINESS PRACTICES** |

Plaintiffs Maria Carralez bring this class action against Satellite Healthcare, Inc. and Does 1 through 100, for violations of the California Labor Code, Fair Labor Standards Act, and the Business and Professions Code.

### PARTIES

1.      Maria Carralez ("Plaintiff") is and at all times relevant herein was employed in San Joaquin County, California, and was an "employee" as defined by the California Labor Code ("Labor

Code"), the Fair Labor Standards Act, and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.    Satellite Healthcare, Inc. ("Defendant" or "Satellite") is a California corporation which does business in California and throughout the United States.

3.    At all times relevant herein, Satellite has been an "employer" as defined by the Labor Code, the Fair Labor Standards Act, and the applicable IWC Order(s).

4.    Satellite and Does 1-100 are collectively referred to as Defendants.

5.    Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sue such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believe, and on that basis allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6.    Plaintiff is informed and believe and thereupon allege that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1337, and 29 U.S.C. § 216(b).  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Satellite resides in numerous cities throughout the Eastern District California.  Plaintiffs hereby demand a jury trial.

**GENERAL ALLEGATIONS**

8.      Plaintiff was hired by Satellite in or around August 2019.

9.      Throughout her employment, Plaintiff has been a non-exempt employee.  As such, she is entitled to be paid for every hour worked and overtime as appropriate.

10.     Plaintiff and Satellite's other non-exempt employees were also eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation.

11.     The non-discretionary bonuses, commissions, and other items of compensation to which included, but were not limited to, "CATHETER BN", earned based upon the number of catheters completed, and "Fitness Incenti", earned for meeting and attesting to certain fitness requirements.  See **Exhibits 1** and **9**.[1]

12.     Throughout her employment Satellite has either (a) failed to include these non-discretionary bonuses, commissions, and other items of compensation when calculating Plaintiff's and its non-exempt employees' regular rate of pay for purposes of overtime, or (b) miscalculated Plaintiff's and its non-exempt employees' regular rate of pay for purposes of overtime.

13.     Throughout her employment, Plaintiff and Satellite's other non-exempt California employees were also not properly paid for all hours worked, including overtime.

14.     Specifically, because of issues with Satellite's timekeeping practices, Plaintiff and Satellite's other non-exempt California employees were routinely credited for less hours than they actually worked.

15.     Plaintiff and Satellite's other non-exempt California employees were also not consistently authorized or permitted to take meal and rest breaks as required by California law.

16.     Satellite required Plaintiff and its other non-exempt California employees to work through meal and rest breaks due to understaffing and work demands.

17.     Plaintiff's and Satellite's other non-exempt California employees' meal breaks were routinely interrupted by supervisors, who required them to attend to work-related tasks during their meal breaks.

---

[1] **Exhibits 1-9** are incorporated by this reference as though fully set forth herein.  Some Exhibits have been reduced and/or redacted due to their size and content.

18.    Plaintiff's and Satellite's other non-exempt California employees' meal breaks were also routinely interrupted by co-workers who needed help with work-related tasks during their meal breaks.

19.    Plaintiff's and Satellite's other non-exempt California employees' meal breaks were also routinely interrupted by clients who needed help.

20.    On the occasions that Plaintiff and Satellite's other non-exempt California employees were able to take their meal breaks, they routinely occurred after 5 hours of work.

21.    For example, and as evidenced by Defendant's time and payroll records for Plaintiff, Plaintiff was unable to take timely meal periods on January 29, 2021, February 2, 2021, and February 9, 2021, among other instances.  See **Exhibit 2**.

22.    Plaintiff was never paid the premium wage she was owed for these late meal breaks. See **Exhibit 3**.

23.    Further, Satellite frequently failed to relieve Plaintiff and its other non-exempt California employees of employer control during their rest breaks.

24.    Plaintiff's and Satellite's other non-exempt California employees' rest breaks were routinely interrupted by supervisors, who required them to attend to work-related tasks during their rest breaks.

25.    Plaintiff's and Satellite's other non-exempt California employees' rest breaks were also routinely interrupted by co-workers who needed help with work-related tasks during their rest breaks.

26.    Plaintiff's and Satellite's other non-exempt California employees' rest breaks were also routinely interrupted by clients who needed help.

27.    Finally, Satellite frequently failed to provide Plaintiff and its other non-exempt California employees with the requisite number of meal and rest breaks.

28.    For example, Satellite regularly required Plaintiff and its other non-exempt California employees to work in excess of twelve hours per workday but unlawfully required them to waive their second meal period.  For example, Plaintiff worked more than twelve hours on September 13, 16, 19, and 20, 2019 but did not receive a second meal period.  See **Exhibit 4**.

29.    Plaintiff was never paid the premium wage she was owed for these missed meal breaks. See **Exhibit 5**.

30.     The same is true for most of Plaintiff's time working for Satellite—she worked more than twelve hours on multiple occasions each month yet never received a second meal period.  This failure by Satellite to comply with California law is evidenced by Plaintiff's time records.

31.     Plaintiff is informed and believes that it was a uniform policy and practice by Satellite that will be similarly evidenced by the time records of Satellite's other non-exempt California employees.

32.     When Plaintiff and Satellite's other non-exempt California employees were not provided compliant meal and rest breaks, Satellite did not pay premiums as required by California law.  Specifically, Satellite either (a) failed to pay the premiums in their entirety or (b) paid the premium(s) only at its employees' base rate of pay rather than their regular rate of pay, without accounting for non-discretionary bonuses, commissions, and/or other items of compensation (including shift premiums and differentials).  See **Exhibits 6** and **7** (showing catheter bonused earned during the period of 01/01/2021 – 06/30/2021 and meal period premium paid for the period of 6/13/21 – 6/19/21 at Plaintiff's base rate rather than regular rate, respectively).

33.     Satellite also failed to incorporate non-discretionary bonuses, commissions, and other items of compensation into its non-exempt California employees' regular rate of pay when paying sick pay.

34.     Because of the violations set forth above, and as evidenced in the sample of Plaintiff's wage statements attached hereto as **Exhibits 1**, **3**, **5**, and **7** the wage statements furnished by Satellite to its non-exempt California employees violate California Labor Code section 226(a) insofar as they fail to accurately show:

        a.    The gross wages earned, in violation of section 226(a)(1);
        b.    The total hours worked, in violation of section 226(a)(2)
        c.    The net wages earned, in violation of section 226(a)(5); and
        d.    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

35.     Separate and independent of the foregoing allegations, the wage statements that Satellite furnishes to their California employees violate California Labor Code section 226(a)(9) insofar as they fail to accurately set forth all applicable hourly rates in effect during the pay period and the

corresponding number of hours worked at each hourly rate.  See **Exhibits 1** and **8** (setting forth inaccurate double time rates, hours and pay totals).

36.     Specifically, the hourly rates and corresponding number of hours worked at each rate do not match what Plaintiff and Satellite's other non-exempt California employees were actually paid.

37.     From at least four years prior to the filing of this action, Satellite has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to properly pay all minimum and overtime wages due, failing to provide compliant meal and rest breaks, and failing to properly compensate employees for statutorily required sick leave.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff seeks to maintain their first cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Satellite who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime are similarly situated in that Satellite failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly.  Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as her own in bringing this action.  These similarly situated employees are known to Satellite, are readily identifiable, and may be located through Satellites records.  These similarly situated employees may be readily notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA

## CLASS ACTION ALLEGATIONS

39.     Plaintiff seeks to maintain this action as a class action as to the First through Seventh Causes of Action.  Plaintiff brings this action, on behalf of herself and all others similarly situated employees, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class which Plaintiff seeks to represent consists of the following:

> a.   All current and former non-exempt employees of Satellite who received
>
>       commissions, non-discretionary bonuses and/or other items of compensation and

worked overtime during one or more pay periods from August 14, 2019 through the date of trial (the "Regular Rate Class");

b. All current and former non-exempt California employees of Satellite who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from August 14, 2018 through the date of trial (the "California Regular Rate Class");

c. All current and former non-exempt California employees of Satellite who worked during one or more pay periods from August 14, 2018 through the date of trial (the "California Minimum Wage Class");

d. All current and former non-exempt California employees of Satellite who worked overtime during one or more pay periods from August 14, 2018 through the date of trial (the "California Overtime Class");

e. All current and former non-exempt California employees of Satellite who worked one or more shift of longer than five hours from August 14, 2018 through the date of trial (the "California Meal Break Class");

f. All current and former non-exempt California employees of Satellite who worked one or more shift of longer than three and one-half hours from August 14, 2018 through the date of trial (the "California Rest Break Class");

g. All current and former non-exempt California employees of Satellite who received commissions, non-discretionary bonuses and/or other items of compensation and used sick leave during at least one pay period from August 14, 2018 through the date of trial (the "California Sick Pay Class"); and

h. All current and former non-exempt California employees of Satellite who worked from August 14, 2021 through the date of trial (the "California Wage Statement Class");

i. All current and former California employees of Satellite who worked from August 14, 2021 through the date of trial (the "California 226(a)(9) Class").

The Regular Rate Class, California Regular Rate Class, California Minimum Wage Class, California Overtime Class, California Meal Break Class, California Rest Break Class, California Sick Pay Class, California Wage Statement Class, and California 226(a)(9) Class are collectively referred to as the "Class".

40.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Plaintiff is informed and believes, and based thereon alleges, that Satellite employs more than 1,000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Satellite's records through coordinated discovery pursuant to this class action.

41.     This action may be maintained as a class because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

42.     There are numerous common questions of law and fact arising out of D Satellite's conduct.  This class action focuses on Satellite's: (a) systematic failure to properly pay employees for all hours worked, including overtime; (b) systemic failure to pay employees' at the correct rate of pay; (b) systemic failure to authorize and permit meal and rest breaks or to pay the requisite premiums; (c) systematic failure to properly pay sick pay; and (d) systematic failure to provide accurate itemized wage statements.

43.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

a.      Whether Satellite failed to properly calculate and pay overtime to its non-exempt employees;

b.      Whether Satellite failed to pay all its non-exempt California employees for all hours worked, including overtime;

c.      Whether Satellite failed to provide compliant meal and breaks to its non-exempt California employees;

d.    Whether Satellite failed to pay premiums, and at the correct rate of pay, to its non-exempt California employees when they did not receive compliant meal and rest breaks;

e.    Whether Satellite failed to properly calculate and pay its non-exempt California employees' sick pay;

f.    Whether the Satellite failed to furnish accurate itemized wage statements;

g.    Whether the alleged violations constitute unfair business practices;

h.    Whether the Class is entitled to injunctive relief; and

i.    Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

44.    Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Satellite.  Plaintiff's claims are typical of those of the Class because Satellite subjected Plaintiff and each member of the Class to the same violations alleged herein.

45.    The defenses of Satellite, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

46.    Plaintiff will fairly and adequately protect the interests of all members of the Class, and have retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

47.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Satellite, 4) class members still working for Satellite may be fearful of retaliation if they were to bring

individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

48.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Satellite, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

49.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE § 1128.12 et seq.**
**(Failure to Pay Minimum Wage)**
**Against Defendants**

50.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

51.     California Labor Code section 1182.12 establishes the minimum wage for California employees from July 1, 2014, to present.

52.     Labor Code Section 1194 provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit.

53.     Labor Code section 1194.2 provides, in relevant part:

> In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the

commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

54.    Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful

55.    Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

56.    During the relevant time period, Satellite intentionally and willfully failed to pay Plaintiff and the other members of the California Minimum Wage Class for every hour worked.

57.    Wherefore, Plaintiff and the other members of the California Minimum Wage Class have been injured as set forth above and request relief as hereafter provided.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510 & 1198 AND THE FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime)**
**Against Defendants**

58.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

59.    Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

60.    Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the

standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

61.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

62.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

63.     During the relevant time period, Plaintiff and Satellite's other non-exempt California employees regularly worked overtime.

64.     During the relevant time period, Satellite intentionally and willfully failed to pay Plaintiffs and other members of the Class the proper overtime wages due to them.

65.     During the relevant time period, Satellite intentionally and willfully failed to properly calculate and pay overtime wages due to Plaintiff and the other members of the Class.

66.     Wherefore, Plaintiff and the other members of the other members of the Class have been injured as set forth above and request relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS**
**(Failure to Provide Meal Periods)**
**Against Defendants**

67.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

68.     Labor Code § 226.7 requires employers to provide employees meal breaks as mandated by Order of the Industrial Welfare Commission.  It states:

a.      No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.      If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission,

the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

69.     Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ a person for a work period of more than 10 hours per day without providing an employee with a second meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than twelve 12 hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived.

70.     During the relevant time period, Plaintiff and the other members of the California Meal Break Class were not provided with compliant meal breaks, nor did they receive appropriate premium pay for each missed meal break.

71.     Wherefore, Plaintiff and the other members of the Meal Break Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS**
**(Failure to Provide Rest Periods)**
**Against Defendants**

72.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

73.     Labor Code § 226.7 requires employers to provide employees rest periods as mandated by Order of the Industrial Welfare Commission.  It states:

a.     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.      If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

74.      The applicable Wage Order(s) provides that every "employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…"  The applicable Wage Order further provides that "[i]f an employer fails to provide an employee rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

75.      During the relevant time period, Plaintiff and other members of the California Rest Break Class were not provided with compliant rest breaks, nor did they receive appropriate premium pay for each missed rest break.

76.      Wherefore, Plaintiffs and the other members of the Rest Break Class have been injured as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 218, 233, 246 et seq.**
**(Failure to Properly Pay Sick Leave)**
**Against Defendants**

77.      Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

78.      Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

79.      The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, shift

1   differentials, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29

2   U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

3       80.   During the relevant time period, Satellite failed to include commissions, incentive

4   payments, non-discretionary bonuses, and/or other items of compensation when determining the

5   "regular rate of pay" for Plaintiff and their other non-exempt California employees for purposes of

6   sick time pay.

7       81.   According to the California Supreme Court, sick pay is a form of wages.  *Murphy v.*

8   *Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.

9       82.   Labor Code section 233 provides that "any employer who provides sick leave for

10   employees shall permit an employee to use in any calendar year the employee's accrued and

11   available sick leave entitlement, in an amount not less than the sick leave that would be accrued

12   during six months at the employee's then current rate of entitlement, for the reasons specified in

13   subdivision (a) of Section 246.5."

14       83.   During the relevant time period, Satelitte intentionally and willfully failed and

15   refused to allow Plaintiff and the other members of the California Sick Pay Class to use their sick

16   pay.

17       84.   During the relevant time period, Satellite also intentionally and willfully failed to

18   pay Plaintiff and the other members of the California Sick Pay Class their sick pay at the rate of

19   pay required by law.  Accordingly, Smith and the other members of the California Sick Pay Class

20   did not receive the full amount of paid sick time that they were entitled to receive by law, and were

21   therefore denied the right to use sick leave within the meaning of Labor Code sections 233(a) and

22   (c).

23       85.   Any employer who violates Labor Code section 233 is liable to employees for the

24   greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys'

25   fees and costs.  Labor Code §233(d), (e).

26       86.   Further, Labor Code section 218 authorizes a private right of action to recover unpaid

27   wages.

28

87.     Wherefore, Plaintiff and the other members of the California Sick Pay Class have been injured as set forth above and request relief as hereafter provided.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants**

88.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

89.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

90.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

91.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one

or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

92.     As set forth above, Satellite intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

93.     Wherefore, Plaintiff and the other members of the California Wage Statement Class and California 226(a)(9) Class have been injured as set forth above and request relief as hereafter provided.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*
### (Unfair Business Practices)
### Against Defendants

94.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

95.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly pay overtime wages, failing to pay meal and rest break premiums, and failing to properly compensate employees for statutorily required sick leave.

96.     Wherefore, Plaintiffs and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays judgment against Defendants as follows:

**As to the First through Seventh Causes of Action:**

1.     That this Court certify the Class;

2.      That this Court appoint Plaintiffs as representative of the Class;

3.      That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.      That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

5.      That this Court award injunctive relief, including that available under 29 U.S.C. § 217, Labor Code sections 226(h) and 248.5(e), as well as Business and Professions Code Section 17203;

6.      That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code sections 203, 226, 226.7, 512 and 1194.2, as well as 29 U.S.C. § 216;

7.      That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5, 226(e)(1), 248.5(e), and 1194, 29 U.S.C. § 216, as well as Code of Civil Procedure section 1021.5;

8.      That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9.      That this Court award such other and further relief as the court deems just and proper.

**DATED:** August 14, 2022                                                **MAYALL HURLEY P.C.**


By_____/ s / Robert J. Wassermann_____
                ROBERT J. WASSERMANN
                NICHOLAS F. SCARDIGLI
                VLADIMIR J. KOZINA
                Attorneys for Plaintiff and the Putative Class

# EXHIBIT 1

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. |
|-----|------|-------|-------|-----------|
| 5B9 | 535338 | 100001 | 94070 | 0000240197 | 1 |

Page 1(Con't Next Page)

# Earnings Statement



SATELLITE HEALTHCARE INC.
300 SANTANA ROW SUITE 300
SAN JOSE, CA 95128

| | |
|---|---|
| Period Beginning: | 05/29/2022 |
| Period Ending: | 06/11/2022 |
| Pay Date: | 06/17/2022 |

Taxable Marital Status:  Single
Exemptions/Allowances:
   Federal:   0
   CA:      0

**MARIA E CARRALEZ**

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 27.3200 | 16.00 | 437.12 | 4,120.48 |
| Overtime | 42.7625 | 8.00 | 342.10 | 2,687.28 |
| CATHETER BN | | | 65.00 | 187.28 |
| Double (2.0) | 27.3200 | 3.60 | 222.36 | 1,504.57 |
| DP IMPUTED | | | 217.89 | 1,223.54 |
| CASICK08A | | | | 218.56 |
| Education Time | | | | 437.12 |
| Spot Bonus | | | | 150.00 |
| **Gross Pay** | | | **$1,284.47** | 10,528.83 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -78.71 | 665.26 |
| | Social Security Tax | -57.12 | 485.23 |
| | Medicare Tax | -13.36 | 113.48 |
| | CA State Income Tax | -11.55 | 108.93 |
| | CA SDI Tax | -10.13 | 86.06 |
| | **Other** | | |
| | vision pre | -3.28* | 32.80 |
| | ACCIDENTAL INS | -10.10 | |
| | Critical Ill | -8.10 | |
| | Dental Post | -39.88 | |
| | DENTAL PRETAX | -27.16* | 209.68 |
| | DOMESTIC PRTNER | -217.89 | 1,223.54 |
| | HOSPITAL | -10.88 | |
| | LEGAL | -9.40 | |
| | MED POST TAX | -156.31 | |
| | MED-PRETAX | -332.94* | 2,462.68 |

| Other | this period | year to date |
|-------|-------------|--------------|
| PET | -180.77 | |
| SUP EE LIFE | -3.25 | 32.50 |
| VISION POST | -2.88 | 20.16 |
| 403b $ | -32.00* | 274.68 |
| Cell Reimb | | -15.00 |
| **Adjustment** | | |
| Cell Reimb | +5.00 | |
| **Net Pay** | **$83.76** | |
| CHECKING | -83.76 | |
| **Net Check** | **$0.00** | |

* Excluded from federal taxable wages
   Your federal taxable wages this period are $889.09

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Er Dental | 7.36 | |
| ER MATCH | 32.00 | 274.68 |
| Flsaot Inc Earn | 163.35 | |
| Group Term | 0.26 | 2.64 |
| Totl Hrs Worked | 27.60 | |
| Basis of Pay | | Hourly |
| Ca Sick Balance | | 12.67 |
| Pto Balance | | 41.53 |

© 2000 ADP, LLC

SATELLITE HEALTHCARE INC.
300 SANTANA ROW SUITE 300
SAN JOSE, CA 95128

| | |
|---|---|
| Advice number: | **00000240197** |
| Pay date: | 06/17/2022 |

Deposited to the account of       account number   transit ABA      amount
**MARIA E CARRALEZ**                                        xxxx xxxx          $83.76



**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|-----|------|-------|-------|-----------|---|
| **5B9** | 535338 | 100001 | 94070 | 0000240197 | 1 |

Page 2

# Earnings Statement



*SATELLITE HEALTHCARE INC.*
*300 SANTANA ROW SUITE 300*
*SAN JOSE, CA 95128*

Period Beginning:     05/29/2022
Period Ending:        06/11/2022
Pay Date:             06/17/2022

Taxable Marital Status:     Single
Exemptions/Allowances:
    Federal:          0
    CA:               0

**MARIA E CARRALEZ**

███████████████████

## Important Notes

YOUR COMPANY'S ER PHONE NUMBER IS 650-404-3600

BASIS OF PAY: HOURLY

IF NO CA Spsl Used IS LISTED YOU HAVE USED ZERO HRS

© 2000 ADP, LLC

# CONTINUED FROM PRIOR PAGE
# YOUR VOUCHER IS PROVIDED ON PAGE 1

THIS IS NOT A CHECK

# NON-NEGOTIABLE

# EXHIBIT 2

| | | | | | | |
|---|---|---|---|---|---|---|
| CAL12 | 01/20/2021 | | | 12.00 | 0.00 | 0.00 |
| Double Time | 01/20/2021 | 04:43 PM | 04:50 PM | 0.12 | 0.00 | 0.00 |
| Lunch | 01/22/2021 | 05:51 AM | 06:21 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 01/22/2021 | 12:43 PM | 04:43 PM | 4.00 | 0.00 | 0.00 |
| Regular | 01/22/2021 | 04:13 AM | 05:51 AM | 1.63 | 0.00 | 0.00 |
| Regular | 01/22/2021 | 06:21 AM | 12:43 PM | 6.37 | 0.00 | 0.00 |
| Double Time | 01/25/2021 | 04:46 PM | 05:03 PM | 0.28 | 0.00 | 0.00 |
| Lunch | 01/25/2021 | 05:50 AM | 06:21 AM | 0.52 | 0.00 | 0.00 |
| Overtime | 01/25/2021 | 12:46 PM | 04:46 PM | 4.00 | 0.00 | 0.00 |
| Regular | 01/25/2021 | 04:15 AM | 05:50 AM | 1.58 | 0.00 | 0.00 |
| Regular | 01/25/2021 | 06:21 AM | 12:46 PM | 6.42 | 0.00 | 0.00 |
| Double Time | 01/27/2021 | 05:52 PM | 05:57 PM | 0.08 | 0.00 | 0.00 |
| Lunch | 01/27/2021 | 09:00 AM | 09:30 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 01/27/2021 | 01:52 PM | 05:52 PM | 4.00 | 0.00 | 0.00 |
| Regular | 01/27/2021 | 05:22 AM | 09:00 AM | 3.63 | 0.00 | 0.00 |
| Regular | 01/27/2021 | 09:30 AM | 01:52 PM | 4.37 | 0.00 | 0.00 |
| Lunch | 01/29/2021 | 09:21 AM | 09:51 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 01/29/2021 | 12:42 PM | 04:12 PM | 3.50 | 0.00 | 0.00 |
| Regular | 01/29/2021 | 04:12 AM | 09:21 AM | 5.15 | 0.00 | 0.00 |
| Regular | 01/29/2021 | 09:51 AM | 12:42 PM | 2.85 | 0.00 | 0.00 |
| Lunch | 02/01/2021 | 12:14 PM | 12:44 PM | 0.50 | 0.00 | 0.00 |
| Overtime | 02/01/2021 | 12:08 PM | 12:14 PM | 0.10 | 0.00 | 0.00 |
| Overtime | 02/01/2021 | 12:44 PM | 03:38 PM | 2.90 | 0.00 | 0.00 |
| Regular | 02/01/2021 | 04:08 AM | 12:08 PM | 8.00 | 0.00 | 0.00 |
| Double Time | 02/02/2021 | 05:33 PM | 05:40 PM | 0.12 | 0.00 | 0.00 |
| Lunch | 02/02/2021 | 11:58 AM | 12:30 PM | 0.53 | 0.00 | 0.00 |
| Overtime | 02/02/2021 | 01:33 PM | 05:33 PM | 4.00 | 0.00 | 0.00 |
| Regular | 02/02/2021 | 05:01 AM | 11:58 AM | 6.95 | 0.00 | 0.00 |

**..SDC Hourly (cont.)**

**Carralez, Maria (cont.)**     **535338**

| | | | | | | |
|---|---|---|---|---|---|---|
| Regular | 02/02/2021 | 12:30 PM | 01:33 PM | 1.05 | 0.00 | 0.00 |
| PTO | 02/03/2021 | | | 12.00 | 0.00 | 0.00 |
| Lunch | 02/04/2021 | 09:00 AM | 09:30 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 02/04/2021 | 01:38 PM | 05:21 PM | 3.72 | 0.00 | 0.00 |
| Regular | 02/04/2021 | 05:08 AM | 09:00 AM | 3.87 | 0.00 | 0.00 |
| Regular | 02/04/2021 | 09:30 AM | 01:38 PM | 4.13 | 0.00 | 0.00 |
| Double Time | 02/08/2021 | 04:04 PM | 04:32 PM | 0.46 | 0.00 | 0.00 |
| Lunch | 02/08/2021 | 06:03 AM | 06:36 AM | 0.55 | 0.00 | 0.00 |
| Overtime | 02/08/2021 | 12:04 PM | 04:04 PM | 4.00 | 0.00 | 0.00 |
| Regular | 02/08/2021 | 03:31 AM | 06:03 AM | 2.53 | 0.00 | 0.00 |
| Regular | 02/08/2021 | 06:36 AM | 12:04 PM | 5.47 | 0.00 | 0.00 |
| Lunch | 02/09/2021 | 12:40 PM | 01:10 PM | 0.50 | 0.00 | 0.00 |
| Overtime | 02/09/2021 | 02:36 PM | 04:13 PM | 1.62 | 0.00 | 0.00 |
| Regular | 02/09/2021 | 06:06 AM | 12:40 PM | 6.57 | 0.00 | 0.00 |
| Regular | 02/09/2021 | 01:10 PM | 02:36 PM | 1.43 | 0.00 | 0.00 |

S0128

# EXHIBIT 3

**SATELLITE HEALTHCARE**

Satellite Healthcare Inc.
300 Santana Row Suite 300
San Jose, CA 95128

**Pay Statement**

| | |
|---|---|
| Period Start Date | 01/24/2021 |
| Period End Date | 02/06/2021 |
| Pay Date | 02/12/2021 |
| Document | 499832 |
| Net Pay | **$1,574.88** |

## Pay Details

**Maria E Carralez**

| | | | |
|---|---|---|---|
| Employee Number | 535338 | Pay Group | SDC Non Exempt |
| Job | Clinical Administrative Coordinator | Location | Sat. Healthcare Calif. |
| Pay Rate | $26.0000 | Division | 01 - Dialysis/Wellbound |
| Pay Frequency | Biweekly | Department | 001 - Hemodialysis |
| | | Location(2) | 94070 - San Carlos |

## Earnings

| Pay Type | Period Start | Period End | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|---|---|
| Reg Pay (Base) | 01/24/2021 | 01/30/2021 | 24.0000 | $26.0000 | $624.00 | |
| Reg Pay (Base) | 01/31/2021 | 02/06/2021 | 24.0000 | $26.0000 | $624.00 | $3,360.00 |
| Over Time (1.5) | 01/24/2021 | 01/30/2021 | 11.5000 | $39.0000 | $448.50 | |
| Over Time (1.5) | 01/31/2021 | 02/06/2021 | 10.7200 | $39.0000 | $418.08 | $2,421.78 |
| Double (2.0) | 01/24/2021 | 01/30/2021 | 0.3600 | $52.0000 | $18.72 | |
| Double (2.0) | 01/31/2021 | 02/06/2021 | 0.1200 | $52.0000 | $6.24 | $297.12 |
| CAL 12 Hrs | | | 0.0000 | $0.0000 | $0.00 | $288.00 |
| Fitness Incenti | | | 0.0000 | $0.0000 | $0.00 | $75.00 |
| GTL Imputed Inc | | | | | $0.18 | $0.18 |
| Holiday 12 | | | 0.0000 | $0.0000 | $0.00 | $998.61 |
| Hol Obl Time 12 | | | 0.0000 | $0.0000 | $0.00 | $13.99 |
| Paid Time Off | 01/31/2021 | 02/06/2021 | 12.0000 | $26.0000 | $312.00 | $312.00 |
| Taxable LTD | | | | | $6.00 | $21.30 |
| Total Hours Worked 70.7000 | Total Hours 82.7000 | | | | | |

## Deductions

| Deduction | Based On | Pre-Tax | Employee Current | Employee YTD | Employer Current | Employer YTD |
|---|---|---|---|---|---|---|
| 403B | $2,451.54 | Yes | $49.03 | $153.83 | $0.00 | $0.00 |
| Dental Ins | $9.78 | Yes | $9.78 | $29.34 | $22.49 | $67.47 |
| GTL Imputed Inc | $0.18 | No | $0.18 | $0.18 | $0.00 | $0.00 |
| Medical Ins | $66.05 | Yes | $66.05 | $198.15 | $258.98 | $776.94 |
| Pet Insurance | $43.22 | No | $43.22 | $129.66 | $0.00 | $0.00 |
| Sup EE Life | $3.25 | No | $3.25 | $9.75 | $0.00 | $0.00 |
| Taxable LTD | $6.00 | No | $6.00 | $21.30 | $0.00 | $0.00 |
| Vision Buy Up | $3.29 | Yes | $3.29 | $9.87 | $3.41 | $10.23 |
| Wellness Credit | ($25.00) | No | ($25.00) | ($50.00) | $0.00 | $0.00 |
| 403 Employer Ma | $0.00 | No | $0.00 | $0.00 | $49.03 | $153.83 |
| Basic AD&D Plan | $0.00 | No | $0.00 | $0.00 | $0.42 | $1.10 |
| Basic Life Plan | $0.00 | No | $0.00 | $0.00 | $1.46 | $3.86 |
| Concern Employe | $0.00 | No | $0.00 | $0.00 | $1.15 | $3.45 |
| GTL Basic | $55,000.00 | No | $0.00 | $0.00 | $3.30 | $8.70 |

## Taxes

| Tax | Based On | Current | YTD |
|---|---|---|---|
| Federal Income Tax | $2,331.57 | $316.00 | $1,036.47 |
| Employee Medicare | $2,380.60 | $34.51 | $109.48 |
| Social Security Employee Tax | $2,380.60 | $147.60 | $468.14 |
| CA State Income Tax | $2,331.57 | $100.37 | $339.37 |
| CA Disability Employee | $2,380.42 | $28.56 | $90.60 |

## Paid Time Off

| Plan | Current | Balance |
|---|---|---|
| CA Sick | 2.3571 | 56.1220 |
| CA Sup Sick | 0.0000 | 72.0000 |
| PTO (HOURS) | 6.6700 | 109.8300 |

## Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| | Checking | $1,574.88 |
| Total | | $1,574.88 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | $2,459.72 | $2,331.57 | $627.04 | $157.80 | **$1,574.88** |
| YTD | $7,787.96 | $7,396.79 | $2,044.06 | $502.08 | $5,241.84 |

son 20190712

# EXHIBIT 4

| | | | | | | |
|---|---|---|---|---|---|---|
| Regular | | 08/27/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Lunch | | 08/28/2019 | 11:30 AM | 12:00 PM | 0.50 | 0.00 | 0.00 |
| Regular | | 08/28/2019 | 07:30 AM | 11:30 AM | 4.00 | 0.00 | 0.00 |
| Regular | | 08/28/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Lunch | | 08/29/2019 | 11:30 AM | 12:00 PM | 0.50 | 0.00 | 0.00 |
| Regular | | 08/29/2019 | 07:30 AM | 11:30 AM | 4.00 | 0.00 | 0.00 |
| Regular | | 08/29/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Lunch | | 08/30/2019 | 11:30 AM | 12:00 PM | 0.50 | 0.00 | 0.00 |
| Regular | | 08/30/2019 | 07:30 AM | 11:30 AM | 4.00 | 0.00 | 0.00 |
| Regular | | 08/30/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Regular | | 09/03/2019 | 08:00 AM | 12:00 PM | 4.00 | 0.00 | 0.00 |
| Double Time | | 09/04/2019 | 04:00 PM | 04:02 PM | 0.03 | 0.00 | 0.00 |
| Lunch | | 09/04/2019 | 06:42 AM | 07:14 AM | 0.53 | 0.00 | 0.00 |
| Overtime | | 09/04/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Regular | | 09/04/2019 | 03:28 AM | 06:42 AM | 3.23 | 0.00 | 0.00 |
| Regular | | 09/04/2019 | 07:14 AM | 12:00 PM | 4.77 | 0.00 | 0.00 |
| Double Time | | 09/06/2019 | 03:58 PM | 04:02 PM | 0.06 | 0.00 | 0.00 |
| Lunch | | 09/06/2019 | 06:42 AM | 07:12 AM | 0.50 | 0.00 | 0.00 |
| Overtime | | 09/06/2019 | 11:58 AM | 03:58 PM | 4.00 | 0.00 | 0.00 |
| Regular | | 09/06/2019 | 03:28 AM | 06:42 AM | 3.23 | 0.00 | 0.00 |
| Regular | | 09/06/2019 | 07:12 AM | 11:58 AM | 4.77 | 0.00 | 0.00 |
| Double Time | | 09/09/2019 | 04:00 PM | 04:06 PM | 0.10 | 0.00 | 0.00 |
| Lunch | | 09/09/2019 | 06:39 AM | 07:10 AM | 0.52 | 0.00 | 0.00 |
| Overtime | | 09/09/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Regular | | 09/09/2019 | 03:29 AM | 06:39 AM | 3.17 | 0.00 | 0.00 |
| Regular | | 09/09/2019 | 07:10 AM | 12:00 PM | 4.83 | 0.00 | 0.00 |
| Regular | | 09/10/2019 | 08:00 AM | 10:00 AM | 2.00 | 0.00 | 0.00 |
| Double Time | | 09/11/2019 | 03:59 PM | 04:04 PM | 0.08 | 0.00 | 0.00 |
| Lunch | | 09/11/2019 | 06:43 AM | 07:13 AM | 0.50 | 0.00 | 0.00 |
| Overtime | | 09/11/2019 | 11:59 AM | 03:59 PM | 4.00 | 0.00 | 0.00 |
| Regular | | 09/11/2019 | 03:29 AM | 06:43 AM | 3.23 | 0.00 | 0.00 |
| Regular | | 09/11/2019 | 07:13 AM | 11:59 AM | 4.77 | 0.00 | 0.00 |

**..SDC Hourly (cont.)**

**Carralez, Maria (cont.)**     **535338**

| | | | | | | |
|---|---|---|---|---|---|---|
| Double Time | 09/13/2019 | 04:00 PM | 04:05 PM | 0.08 | 0.00 | 0.00 |
| Lunch | 09/13/2019 | 06:42 AM | 07:12 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 09/13/2019 | 12:00 PM | 04:00 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/13/2019 | 03:30 AM | 06:42 AM | 3.20 | 0.00 | 0.00 |
| Regular | 09/13/2019 | 07:12 AM | 12:00 PM | 4.80 | 0.00 | 0.00 |
| Double Time | 09/16/2019 | 04:05 PM | 04:08 PM | 0.05 | 0.00 | 0.00 |
| Lunch | 09/16/2019 | 06:41 AM | 07:12 AM | 0.52 | 0.00 | 0.00 |
| Overtime | 09/16/2019 | 12:05 PM | 04:05 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/16/2019 | 03:34 AM | 06:41 AM | 3.12 | 0.00 | 0.00 |
| Regular | 09/16/2019 | 07:12 AM | 12:05 PM | 4.88 | 0.00 | 0.00 |
| Lunch | 09/18/2019 | 06:18 AM | 06:48 AM | 0.50 | 0.00 | 0.00 |

S0099

| | Date | | | | | |
|---|---|---|---|---|---|---|
| Overtime | 09/18/2019 | 12:02 PM | 04:01 PM | 3.99 | 0.00 | 0.00 |
| Regular | 09/18/2019 | 06:48 AM | 12:02 PM | 5.23 | 0.00 | 0.00 |
| Regular | 09/18/2019 | 06:48 AM | 12:02 PM | 5.23 | 0.00 | 0.00 |
| Double Time | 09/20/2019 | 03:59 PM | 04:14 PM | 0.25 | 0.00 | 0.00 |
| Lunch | 09/20/2019 | 06:44 AM | 07:14 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 09/20/2019 | 11:59 AM | 03:59 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/20/2019 | 03:29 AM | 06:44 AM | 3.25 | 0.00 | 0.00 |
| Regular | 09/20/2019 | 07:14 AM | 11:59 AM | 4.75 | 0.00 | 0.00 |
| Double Time | 09/23/2019 | 04:04 PM | 04:05 PM | 0.01 | 0.00 | 0.00 |
| Lunch | 09/23/2019 | 06:40 AM | 07:12 AM | 0.53 | 0.00 | 0.00 |
| Overtime | 09/23/2019 | 12:04 PM | 04:04 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/23/2019 | 03:32 AM | 06:40 AM | 3.13 | 0.00 | 0.00 |
| Regular | 09/23/2019 | 07:12 AM | 12:04 PM | 4.87 | 0.00 | 0.00 |
| Lunch | 09/25/2019 | 06:23 AM | 06:57 AM | 0.57 | 0.00 | 0.00 |
| Overtime | 09/25/2019 | 12:06 PM | 04:06 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/25/2019 | 03:32 AM | 06:23 AM | 2.85 | 0.00 | 0.00 |
| Regular | 09/25/2019 | 06:57 AM | 12:06 PM | 5.15 | 0.00 | 0.00 |
| Double Time | 09/27/2019 | 04:04 PM | 04:05 PM | 0.02 | 0.00 | 0.00 |
| Lunch | 09/27/2019 | 06:44 AM | 07:14 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 09/27/2019 | 12:04 PM | 04:04 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/27/2019 | 03:34 AM | 06:44 AM | 3.17 | 0.00 | 0.00 |
| Regular | 09/27/2019 | 07:14 AM | 12:04 PM | 4.83 | 0.00 | 0.00 |

## ..SDC Hourly (cont.)

### Carralez, Maria (cont.)     535338

| | Date | | | | | |
|---|---|---|---|---|---|---|
| Double Time | 09/30/2019 | 03:58 PM | 04:03 PM | 0.08 | 0.00 | 0.00 |
| Lunch | 09/30/2019 | 06:38 AM | 07:09 AM | 0.52 | 0.00 | 0.00 |
| Overtime | 09/30/2019 | 11:58 AM | 03:58 PM | 4.00 | 0.00 | 0.00 |
| Regular | 09/30/2019 | 03:27 AM | 06:38 AM | 3.18 | 0.00 | 0.00 |
| Regular | 09/30/2019 | 07:09 AM | 11:58 AM | 4.82 | 0.00 | 0.00 |
| Lunch | 10/02/2019 | 06:49 AM | 07:19 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 10/02/2019 | 12:00 PM | 03:09 PM | 3.15 | 0.00 | 0.00 |
| Regular | 10/02/2019 | 03:30 AM | 06:49 AM | 3.32 | 0.00 | 0.00 |
| Regular | 10/02/2019 | 07:19 AM | 12:00 PM | 4.68 | 0.00 | 0.00 |
| Lunch | 10/04/2019 | 07:04 AM | 07:34 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 10/04/2019 | 11:59 AM | 03:13 PM | 3.23 | 0.00 | 0.00 |
| Regular | 10/04/2019 | 03:29 AM | 07:04 AM | 3.58 | 0.00 | 0.00 |
| Regular | 10/04/2019 | 07:34 AM | 11:59 AM | 4.42 | 0.00 | 0.00 |
| Double Time | 10/07/2019 | 04:04 PM | 05:15 PM | 1.18 | 0.00 | 0.00 |
| Lunch | 10/07/2019 | 06:49 AM | 07:22 AM | 0.55 | 0.00 | 0.00 |
| Overtime | 10/07/2019 | 12:04 PM | 04:04 PM | 4.00 | 0.00 | 0.00 |
| Regular | 10/07/2019 | 03:31 AM | 06:49 AM | 3.30 | 0.00 | 0.00 |
| Regular | 10/07/2019 | 07:22 AM | 12:04 PM | 4.70 | 0.00 | 0.00 |
| Double Time | 10/09/2019 | 04:02 PM | 04:12 PM | 0.16 | 0.00 | 0.00 |
| Lunch | 10/09/2019 | 06:40 AM | 07:10 AM | 0.50 | 0.00 | 0.00 |
| Overtime | 10/09/2019 | 12:02 PM | 04:02 PM | 4.00 | 0.00 | 0.00 |

# EXHIBIT 5

S0095

**SATELLITE HEALTHCARE**

Satellite Healthcare Inc.
300 Santana Row Suite 300
San Jose, CA 95128

| Pay Statement | |
|---|---|
| Period Start Date | 09/08/2019 |
| Period End Date | 09/21/2019 |
| Pay Date | 09/27/2019 |
| Document | 423283 |
| Net Pay | $1,138.54 |

## Pay Details

Maria E Carralez

| | | | | | | |
|---|---|---|---|---|---|---|
| Employee Number | 535338 | Pay Group | SDC Non Exempt | Federal Income Tax | S 0 | |
| SSN | XXX-XX-XXXX | Location | Sat. Healthcare Calif. | CA State Income Tax (Residence) | S 0 | |
| Job | PCT - Trainee | Division | 01 - Dialysis/Wellbound | CA State Income Tax (Work) | S 0 | |
| Pay Rate | $16.8300 | Department | 001 - Hemodialysis | | | |
| Pay Frequency | Biweekly | Location(GL) | 94070 - San Carlos | | | |

## Earnings

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| Double Time | 0.5600 | $33.6600 | $18.85 | $21.88 |
| OT Rate of Pay | 23.9900 | $8.4150 | $201.88 | $269.20 |
| Overtime | 23.9900 | $16.8300 | $403.75 | $538.39 |
| Regular Pay | 50.0000 | $16.8300 | $841.50 | $2,928.42 |

Total Hours 74.5500

## Deductions

| | | | Employee | | Employer | |
|---|---|---|---|---|---|---|
| Deduction | Based On | Pre-Tax | Current | YTD | Current | YTD |
| 403B | $1,465.98 | Yes | $14.66 | $14.66 | $0.00 | $0.00 |

## Taxes

| Tax | Based On | Current | YTD |
|---|---|---|---|
| Federal Income Tax | $1,451.32 | $149.16 | $374.18 |
| Employee Medicare | $1,465.98 | $21.26 | $54.49 |
| Social Security Employee Tax | $1,465.98 | $90.89 | $232.99 |
| CA State Income Tax | $1,451.32 | $36.81 | $81.25 |
| CA Disability Employee | $1,465.98 | $14.66 | $37.58 |

## Paid Time Off

| Plan | Current | Balance |
|---|---|---|
| PTO (HOURS) | 2.4600 | 23.3800 |

## Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| | Checking | $1,138.54 |
| Total | | $1,138.54 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | $1,465.98 | $1,451.32 | $312.78 | $14.66 | $1,138.54 |
| YTD | $3,757.89 | $3,743.23 | $780.49 | $14.66 | $2,962.74 |

# EXHIBIT 6

Pay Summary: **2021 - 34 - 1**

| SHC Non-Exempt | **Period Beginning Date**<br>8/8/2021 | **Pay Date**<br>8/27/2021 | **Co.**<br>589 | **Clock**<br>94070 | **Home Dept**<br>100001 | **Home Cost Number**<br>01-100001-94070-61<br>67 |
|---|---|---|---|---|---|---|
| Maria E Carralez | **Period Ending Date**<br>8/21/2021 | **WGPS Advance Pay Date** | **File #**<br>535338 | **Number**<br>00340198 | | |

| Gross Pay | | | | $ 2,088.90 |
|---|---|---|---|---|
| Regular | Rate: 26.6500 | Hours: 24.00 | | $ 639.60 |
| Overtime | Rate: 52.6403 | Hours: 2.28 | | $ 120.02 |
| Overtime | Rate: 41.0800 | Hours: 8.00 | | $ 328.64 |
| CATHETER BN (field 3) | | | | $ 95.03 |
| Double (2.0) (field 3) | Rate: 26.6500 | Hours: 2.17 | | $ 115.66 |
| Missed Lunch (field 3) | Rate: 26.6500 | Hours: 3.00 | | $ 79.95 |
| OTADJ BONUS (field 3) | | | | $ 70.40 |
| Paid Time Off (field 3) | Rate: 26.6500 | Hours: 24.00 | | $ 639.60 |

Total Hours Worked: 39.45

Basis of Pay: HOURLY

| Taxes | | $ 482.28 |
|---|---|---|
| Federal Income Tax | | $ 236.02 |
| Social Security | | $ 124.62 |
| Medicare | | $ 29.14 |
| State Worked In: California | Code: CA | $ 68.39 |
| SUI/SDI: California (Taxing) | Code: 75 | $ 24.11 |

| Deductions | | $ 167.35 |
|---|---|---|
| 43B - 403b $ | | $ 41.78 |
| DEN - DENTAL PRETAX | | $ 9.78 |
| MED - MED-PRETAX | | $ 66.04 |
| PET - PET | | $ 43.22 |
| SLF - SUP EE LIFE | | $ 3.25 |
| VIB - vision pre | | $ 3.28 |

| Take Home | $ 1,439.27 |
|---|---|
| CHECKING | $ 1,439.27 |

Other Details

Case 2:22-cv-01613-KJM-DB   Document 1   Filed 09/14/22   Page 33 of 41

Memos

| | |
|---|---:|
| ER MATCH | 41.78 |
| CAL12 BALANCE | 35.93 |
| ER DENTAL | 22.49 |
| FLSAOT INC EARN | 152.86 |
| Group Term | 0.18 |
| ER LTD | 8.20 |
| LFR | 1.90 |
| ER MEDICAL | 258.98 |
| ROP | 3.53 |
| TOTAL HOURS WOR | 37.28 |
| ER VISION | 3.40 |
| 403B MAX EL | 2,088.90 |

| Other Period Earnings | | $ 165.43 |
|---|---|---:|
| CATHETER BN | Period: 01/01/2021 - 06/30/2021 | $ 95.03 |
| OTADJ BONUS | Period: 01/01/2021 - 06/30/2021 | $ 70.40 |

S0047

**SATELLITE**
**HEALTHCARE**

Satellite Healthcare Inc.
300 Santana Row Suite 300
San Jose, CA 95128

**Pay Statement**

| | |
|---|---|
| Period Start Date | 05/16/2021 |
| Period End Date | 05/29/2021 |
| Pay Date | 06/04/2021 |
| Document | 517140 |
| Net Pay | **$1,485.95** |

## Pay Details

**Maria E Carralez**

| | |
|---|---|
| Employee Number | 535338 |
| Job | Clinical Administrative Coordinator |
| Pay Rate | $26.6500 |
| Pay Frequency | Biweekly |

| | |
|---|---|
| Pay Group | SOC Non Exempt |
| Location | Sat. Healthcare Calif |
| Division | 01 - Dialysis/Wellbound |
| Department | 001 - Hemodialysis |
| Location(GL) | 94070 - San Carlos |

## Earnings

| Pay Type | Period Start | Period End | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|---|---|
| Reg Pay (Base) | 05/23/2021 | 05/29/2021 | 37.2800 | $26.6500 | $993.51 | $15,532.98 |
| Over Time (1.5) | 05/23/2021 | 05/29/2021 | 1.1300 | $39.9735 | $45.17 | $7,321.66 |
| Bereavement | | | 0.0000 | $0.0000 | $0.00 | $837.20 |
| CAL 08 Hrs | 05/16/2021 | 05/22/2021 | 8.0000 | $26.6500 | $213.20 | $213.20 |
| CAL 12 Hrs | | | 0.0000 | $0.0000 | $0.00 | $288.00 |
| Catheter Bonus | | | 0.0000 | $0.0000 | $0.00 | $300.00 |
| Fitness Incenti | | | 0.0000 | $0.0000 | $0.00 | $150.00 |
| GTL Imputed Inc | | | | | $0.22 | $1.82 |
| Holiday | | | 0.0000 | $0.0000 | $0.00 | $456.30 |
| Holiday 12 | | | 0.0000 | $0.0000 | $0.00 | $998.61 |
| Hol Otd Time 12 | | | 0.0000 | $0.0000 | $0.00 | $13.99 |
| Missed Lunch | 05/23/2021 | 05/29/2021 | 1.0000 | $26.6500 | $26.65 | $131.95 |
| OT Adj. (Bonus) | | | 0.0000 | $0.0000 | $0.00 | $308.54 |
| Paid Time Off | 05/16/2021 | 05/22/2021 | 32.0000 | $26.6500 | $852.80 | $1,586.00 |
| Req Extra Shift | | | 0.0000 | $0.0000 | $0.00 | $200.00 |
| Spot Bonus | | | 0.0000 | $0.0000 | $0.00 | $1,000.00 |
| Taxable LTD | | | | | $8.20 | $85.90 |

Total Hours Worked 39.4100   Total Hours 79.4100

## Deductions

| Deduction | Based On | Pre-Tax | Employee Current | Employee YTD | Employer Current | Employer YTD |
|---|---|---|---|---|---|---|
| 403B | $2,131.33 | Yes | $42.63 | $561.88 | $0.00 | $0.00 |
| Dental Ins | $9.78 | Yes | $9.78 | $107.58 | $22.49 | $247.39 |
| GTL Imputed Inc | $0.22 | No | $0.22 | $1.82 | $0.00 | $0.00 |
| Medical Ins | $66.05 | Yes | $66.05 | $726.55 | $258.98 | $2,848.78 |
| Pet Insurance | $43.22 | No | $43.22 | $475.42 | $0.00 | $0.00 |
| Sup EE Life | $3.25 | No | $3.25 | $35.75 | $0.00 | $0.00 |
| Taxable LTD | $8.20 | No | $8.20 | $85.90 | $0.00 | $0.00 |
| Vision Buy Up | $3.29 | Yes | $3.29 | $36.19 | $3.41 | $37.51 |
| Wellness Credit | ($25.00) | No | ($25.00) | ($150.00) | $0.00 | $0.00 |
| 403 Employer Ma | $0.00 | No | $0.00 | $0.00 | $42.63 | $561.88 |
| Basic AD&D Plan | $0.00 | No | $0.00 | $0.00 | $0.42 | $4.46 |
| Basic Life Plan | $0.00 | No | $0.00 | $0.00 | $1.49 | $15.93 |
| Concern Employe | $0.00 | No | $0.00 | $0.00 | $1.15 | $12.65 |
| GTL Basic | $56,000.00 | No | $0.00 | $0.00 | $3.36 | $35.40 |

## Taxes

| Tax | | | Based On | Current | YTD |
|---|---|---|---|---|---|
| Federal Income Tax | | | $2,018.00 | $247.02 | $4,044.46 |
| Employee Medicare | | | $2,060.63 | $29.88 | $420.26 |
| Social Security Employee Tax | | | $2,060.63 | $127.76 | $1,796.96 |
| CA State Income Tax | | | $2,018.00 | $72.78 | $1,332.28 |
| CA Disability Employee | | | $2,060.41 | $24.72 | $347.77 |

## Paid Time Off

| Plan | Current | Balance |
|---|---|---|
| CA Sick | 0.0000 | 52.0000 |
| CA Sup Sick | 0.0000 | 80.0000 |
| PTO (HOURS) | 6.2313 | 117.6213 |

### Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| ▬▬▬ | Checking | $1,485.95 |
| Total | | $1,485.95 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | $2,139.75 | $2,018.00 | $502.16 | $151.64 | **$1,485.95** |
| YTD | $29,853.49 | $28,421.29 | $7,941.73 | $1,881.09 | $20,030.67 |

ver 20190712

# EXHIBIT 7

**SATELLITE HEALTHCARE**

Satellite Healthcare Inc.
300 Santana Row Suite 300
San Jose, CA 95128

**Pay Statement**

| | |
|---|---|
| Period Start Date | 06/27/2021 |
| Period End Date | 07/10/2021 |
| Pay Date | 07/16/2021 |
| Document | 5235495 |
| **Net Pay** | **$1,562.75** |

## Pay Details

**Maria E Carralez**

| | | | |
|---|---|---|---|
| Employee Number | 535338 | Pay Group | SOC Non Exempt |
| Job | Clinical Administrative Coordinator | Location | Sat. Healthcare Calif. |
| Pay Rate | $26.6500 | Division | 01 - Dialysis/Wellbound |
| Pay Frequency | Biweekly | Department | 001 - Hemodialysis |
| | | Location(GL) | 940/70 - San Carlos |

## Earnings

| Pay Type | Period Start | Period End | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|---|---|
| Reg Pay (Base) | 06/27/2021 | 07/03/2021 | 21.8300 | $26.6500 | $581.50 | |
| Reg Pay (Base) | 07/04/2021 | 07/10/2021 | 16.0000 | $26.6500 | $426.40 | $19,094.39 |
| Over Time (1.5) | 06/27/2021 | 07/03/2021 | 7.6300 | $39.9750 | $303.81 | |
| Over Time (1.5) | 07/04/2021 | 07/10/2021 | 8.0000 | $39.9750 | $319.80 | $8,313.06 |
| Double (2.0) | 06/27/2021 | 07/03/2021 | 0.1100 | $53.2727 | $5.86 | |
| Double (2.0) | 07/04/2021 | 07/10/2021 | 1.5067 | $53.2963 | $80.30 | $524.68 |
| Bereavement | | | 0.0000 | $0.0000 | $0.00 | $837.20 |
| CAL 08 Hrs | 07/04/2021 | 07/10/2021 | 4.0000 | $26.6500 | $106.60 | $746.20 |
| CAL 12 Hrs | | | 0.0000 | $0.0000 | $0.00 | $288.00 |
| Catheter Bonus | | | 0.0000 | $0.0000 | $0.00 | $300.00 |
| Fitness Incenti | | | 0.0000 | $0.0000 | $0.00 | $150.00 |
| GTL Imputed Inc | | | | | $0.22 | $2.48 |
| Holiday | | | 0.0000 | $0.0000 | $0.00 | $456.30 |
| Holiday 12 | | | 0.0000 | $0.0000 | $0.00 | $998.61 |
| Hol Dbl Time 12 | | | 0.0000 | $0.0000 | $0.00 | $13.99 |
| Missed Lunch | | | 0.0000 | $0.0000 | $0.00 | $158.60 |
| OT Adj. (Bonus) | | | 0.0000 | $0.0000 | $0.00 | $308.54 |
| Paid Time Off | 06/27/2021 | 07/03/2021 | 6.0000 | $26.6500 | $159.90 | |
| Paid Time Off | 07/04/2021 | 07/10/2021 | 12.0000 | $26.6500 | $319.80 | $2,278.90 |
| Req Extra Shift | | | 0.0000 | $0.0000 | $0.00 | $300.00 |
| Spot Bonus | | | 0.0000 | $0.0000 | $0.00 | $1,000.00 |
| Taxable LTD | | | | | $8.20 | $110.50 |
| Unpaid Time | 07/04/2021 | 07/10/2021 | 4.0000 | | $0.00 | $0.00 |
| Total Hours Worked 56.0367 | Total Hours 81.0367 | | | | | |

## Deductions

| Deduction | Based On | Pre-Tax | Employee Current | Employee YTD | Employer Current | Employer YTD |
|---|---|---|---|---|---|---|
| 403B | $2,303.97 | Yes | $46.08 | $679.94 | $0.00 | $0.00 |
| Dental Ins | $9.78 | Yes | $9.78 | $138.92 | $22.49 | $314.86 |
| GTL Imputed Inc | $0.22 | No | $0.22 | $2.48 | $0.00 | $0.00 |
| Medical Ins | $66.05 | Yes | $66.05 | $924.70 | $258.98 | $3,625.73 |
| Pet Insurance | $43.22 | No | $43.22 | $605.08 | $0.00 | $0.00 |
| Sup EE Life | $3.25 | No | $3.25 | $45.50 | $0.00 | $0.00 |
| Taxable LTD | $8.20 | No | $8.20 | $110.50 | $0.00 | $0.00 |
| Vision Buy Up | $3.29 | Yes | $3.29 | $46.06 | $3.41 | $47.74 |
| Wellness Credit | $0.00 | No | $0.00 | ($175.00) | $0.00 | $0.00 |
| 403 Employer Ma | $0.00 | No | $0.00 | $0.00 | $46.08 | $679.94 |
| Basic AD&D Plan | $0.00 | No | $0.00 | $0.00 | $0.42 | $5.72 |
| Basic Life Plan | $0.00 | No | $0.00 | $0.00 | $1.49 | $20.10 |
| Concern Employe | $0.00 | No | $0.00 | $0.00 | $1.15 | $16.10 |
| GTL Basic | $56,000.00 | No | $0.00 | $0.00 | $3.36 | $45.48 |

## Taxes

| Tax | | | Based On | Current | YTD |
|---|---|---|---|---|---|
| Federal Income Tax | | | $2,187.19 | $284.24 | $4,698.27 |
| Employee Medicare | | | $2,233.27 | $32.38 | $502.77 |
| Social Security Employee Tax | | | $2,233.27 | $138.46 | $2,149.77 |
| CA State Income Tax | | | $2,187.19 | $87.87 | $1,570.07 |
| CA Disability Employee | | | $2,233.05 | $26.60 | $416.05 |

## Paid Time Off

| Plan | Current | Balance |
|---|---|---|
| CA Sick | 0.0000 | 32.0000 |
| CA Sup Sick | 0.0000 | 80.0000 |
| PTO (HOURS) | 7.0800 | 112.8613 |

### Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| | Checking | $1,562.75 |
| Total | | $1,562.75 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | $2,312.39 | $2,187.19 | $569.55 | $180.09 | $1,562.75 |
| YTD | $35,781.45 | $33,993.83 | $9,286.93 | $2,376.18 | $24,118.34 |

# EXHIBIT 8

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|-----|------|-------|-------|-----------|--|
| 5B9 | 535338 | 100001 | 94070 | 0000220190 | 1 |

# Earnings Statement



Page   1(Con't  Next  Page)

SATELLITE  HEALTHCARE  INC.
300 SANTANA  ROW SUITE  300
SAN  JOSE,  CA 95128

| | |
|--|--|
| Period  Beginning: | 05/15/2022 |
| Period  Ending: | 05/28/2022 |
| Pay  Date: | 06/03/2022 |

Taxable  Marital  Status:     Single
Exemptions/Allowances:
   Federal:     0
   CA:     0

**MARIA  E  CARRALEZ**

## Earnings

| Earnings | rate | hours | this  period | year  to date |
|----------|------|-------|--------------|---------------|
| Regular | 27.3200 | 24.00 | 655.68 | 3,683.36 |
| Overtime | 42.0760 | 10.13 | 426.23 | 2,345.18 |
| Double (2.0) | 27.3200 | 2.98 | 175.90 | 1,282.21 |
| DP IMPUTED | | | 201.13 | 1,005.65 |
| CASICK08A | | | | 218.56 |
| CATHETER  BN | | | | 122.28 |
| Education  Time | | | | 437.12 |
| Spot  Bonus | | | | 150.00 |
| **Gross Pay** | | | **$1,458.94** | 9,244.36 |

| Other | this  period | year  to date |
|-------|--------------|---------------|
| PET | -232.64 | |
| SUP EE LIFE | -3.25 | 29.25 |
| VISION POST | -2.88 | 17.28 |
| 403b $ | -37.74* | 242.68 |
| Cell Reimb | | -10.00 |
| **Net Pay** | **$172.65** | |
| CHECKING | -172.65 | |
| **Net Check** | **$0.00** | |

## Deductions

| Statutory | | |
|-----------|--|--|
| Federal Income Tax | -98.96 | 586.55 |
| Social Security Tax | -67.94 | 428.11 |
| Medicare Tax | -15.89 | 100.12 |
| CA State Income Tax | -15.76 | 97.38 |
| CA SDI Tax | -12.05 | 75.93 |

| Other | | |
|-------|--|--|
| vision pre | -3.28* | 29.52 |
| ACCIDENTAL  INS | -10.10 | |
| Critical Ill | -8.10 | |
| Dental Post | -39.88 | |
| DENTAL PRETAX | -27.16* | 182.52 |
| DOMESTIC PRTNER | -201.13 | 1,005.65 |
| HOSPITAL | -10.88 | |
| LEGAL | -9.40 | |
| MED POST TAX | -156.31 | |
| MED-PRETAX | -332.94* | 2,129.74 |

\* Excluded from federal taxable wages

Your  federal  taxable wages  this period are
$1,057.82

| Other Benefits  and Information | this  period | total  to date |
|---------------------------------|--------------|----------------|
| Er Dental | 7.36 | |
| ER MATCH | 37.74 | 242.68 |
| Flsaot Inc Earn | 81.41 | |
| Group Term | 0.26 | 2.38 |
| Totl Hrs Worked | 37.11 | |
| Basis of Pay | | Hourly |
| Ca Sick Balance | | 11.87 |
| Pto Balance | | 37.28 |

**Important Notes**
YOUR  COMPANY'S  ER PHONE  NUMBER  IS 650-404-3600

© 2000  A.D.P., LLC

SATELLITE  HEALTHCARE  INC.
300 SANTANA  ROW SUITE  300
SAN  JOSE,  CA 95128

| | |
|--|--|
| Advice  number: | **00000220190** |
| Pay  date: | 06/03/2022 |



| Deposited  to the account  of | account  number | transit  ABA | amount |
|-------------------------------|-----------------|--------------|--------|
| **MARIA  E  CARRALEZ** | | xxxx  xxxx | $172.65 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# EXHIBIT 9

S0040

## Pay Summary: **2021 - 32 - 1**

| SHC Non-Exempt | **Period Beginning Date**<br>7/25/2021 | **Pay Date**<br>8/13/2021 | **Co.**<br>5B9 | **Clock**<br>94070 | **Home Dept**<br>100001 | **Home Cost Number**<br>01-100001-94070-61<br>67 |
|---|---|---|---|---|---|---|
| Maria E Carralez | **Period Ending Date**<br>8/7/2021 | **WGPS Advance Pay Date** | **File #**<br>535338 | **Number**<br>00320192 | | **Worked In Cost Number**<br>01-100001-94070-61<br>67 |

| Gross Pay | | | $ 1,757.12 |
|---|---|---|---|
| Regular | Rate: 26.6500 | Hours: 16.00 | $ 426.40 |
| Overtime | Rate: 40.6000 | Hours: 4.00 | $ 162.40 |
| Overtime | Rate: 39.9750 | Hours: 3.51 | $ 140.31 |
| CASICK08A (field 3) | Rate: 26.6500 | Hours: 16.00 | $ 426.40 |
| Double (2.0) (field 3) | Rate: 26.6500 | Hours: 1.38 | $ 73.56 |
| Fitness Incenti (field 3) | | | $ 75.00 |
| Missed Lunch (field 3) | Rate: 26.6500 | Hours: 1.00 | $ 26.65 |
| Paid Time Off (field 3) | Rate: 26.6500 | Hours: 16.00 | $ 426.40 |

Total Hours Worked: 25.89

Basis of Pay: HOURLY

| Taxes | | $ 366.83 |
|---|---|---|
| Federal Income Tax | | $ 171.43 |
| Social Security | | $ 104.05 |
| Medicare | | $ 24.34 |
| State Worked In: California | Code: CA | $ 46.87 |
| SUI/SDI: California (Taxing) | Code: 75 | $ 20.14 |

| Deductions | | $ 135.27 |
|---|---|---|
| 43B - 403b $ | | $ 33.64 |
| DEN - DENTAL PRETAX | | $ 9.78 |
| EAP - EAP | | $ 1.06 |
| MED - MED-PRETAX | | $ 66.04 |
| PET - PET | | $ 43.22 |
| SLF - SUP EE LIFE | | $ 3.25 |
| VIB - vision pre | | $ 3.28 |
| WEL - WELLNESS | | $ -25.00 |

| Take Home | $ 1,255.02 |
|---|---|
| CHECKING | $ 1,255.02 |

Other Details

Memos

| | |
|---|---|
| ER MATCH | 33.64 |
| CAL12 BALANCE | 34.74 |
| ER DENTAL | 22.49 |
| FLSAOT INC EARN | 36.78 |
| Group Term | 0.18 |
| ER LTD | 8.20 |
| LFR | 1.90 |
| ER MEDICAL | 258.98 |
| ROP | 2.21 |
| TOTAL HOURS WOR | 24.51 |
| ER VISION | 3.40 |
| 403B MAX EL | 1,682.12 |