UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Carralez, | No. 2:22-cv-01613-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Satellite Healthcare, Inc., | |
| Defendant. | |

Defendant Satellite Healthcare moves to dismiss or stay plaintiff Maria Carralez's wage-and-hour class and collective action based on a prior-filed, state-court action titled *Soliman v. Satellite Healthcare, Inc.*, No. 21-CV-387218 (*Soliman*). *See* Mot., ECF No. 6. The court submits defendant's motion on the briefs, without hearing. Because Satellite has not shown Carralez's action is substantially similar to *Soliman*, the court **denies** the motion.[1]

**I.    BACKGROUND**

   **A.    *Soliman* Action in State Court**

In September 2021, Tiffany Soliman filed a class and representative action against Satellite in Santa Clara County Superior Court, alleging Satellite did not provide minimum and

---

[1] The court **grants** Satellite's request for judicial notice of documents filed in the *Soliman* action. RJN, ECF No. 6-2; *see also Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 923 (E.D. Cal. 2021) ("Courts routinely take judicial notice of documents on file in federal or state courts . . . ."), *aff'd on other grounds*, 37 F.4th 579 (9th Cir. 2022).

1

overtime wages, meal and rest periods, expense reimbursements and sick leave pay, among others. *See* RJN Ex. A (*Soliman* Compl.). Soliman seeks to represent members of a class consisting of Satellite's hourly, non-exempt employees in California. RJN Ex. C (*Soliman* SAC) ¶ 23.

In June 2022, the state court dismissed Soliman's sick leave claims under California Labor Code sections 218.5 and 246 because those sections do not provide a private right of action for employees. RJN Ex. B (*Soliman* Order) at 5–6. Soliman's operative state complaint now omits any references to unpaid sick leave. *See generally* Soliman SAC. Although *Soliman* was filed a year ago, it appears no discovery has occurred, and no class has been certified. *See* RJN Ex. D (*Soliman* Docket Entry).

### B. Carralez's Action in This Court

In September 2022, Carralez filed a class action under Rule 23 and collective action under the Fair Labor Standards Act in this court, alleging Satellite did not provide minimum and overtime wages, meal and rest breaks and sick leave pay, among others. *See* Compl., ECF No. 1. Unlike Soliman, Carralez brings her sick leave claim, in part, under California Labor Code section 233, *id.* ¶¶ 77–87, which prohibits employers from discouraging employees from using their accrued sick leave, Cal. Lab. Code § 233(c). For most of her class claims, Carralez seeks to represent Satellite's California employees. Compl. ¶ 39. For her overtime wage class claim and collective claim, she seeks to represent both California and out-of-state employees. *Id*. ¶¶ 38–39.

Satellite now moves to dismiss or stay Carralez's complaint based on the prior-filed *Soliman* action. Mot. Carralez opposes the motion. Opp'n, ECF No. 8. Satellite has replied. Reply, ECF No. 9. The court submits the matter without a hearing and resolves it here.

## II.   LEGAL STANDARD

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 917 (1976) (citation omitted). But a dismissal or stay of a federal action may be appropriate in exceptional circumstances. *Id.* at 816–17.

2

To determine whether dismissal or stay is proper based on a parallel state proceeding, courts consider the following eight factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R. R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (articulating factors relevant in a *Colorado River* analysis).

The eighth factor, whether the state case will resolve all issues in the federal case, is often dispositive. *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021). Unless "an additional claim is highly related to the overlapping claims," "[t]here is a strong presumption that the presence of an additional claim in the federal suit means that *Colorado River* is inapplicable." *Id.* at 1203, 1207 n.5. "If there is any substantial doubt as to whether 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties . . . it would be a serious abuse of discretion to grant the stay or dismissal at all.'" *Id.* at 1203 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). [T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses*, 460 U.S. at 28.

### III. ANALYSIS

Here, a dismissal or stay is unwarranted because *Soliman* would not resolve all issues in this case.

First, Satellite concedes *Soliman* would not resolve Carralez's sick leave claim under section 233. *See* Mot. at 7 ("[P]rovided that the proper course of action would be to dismiss [the sick leave] claim, Soliman and the instant action are substantially similar."). Although Satellite argues Carralez has not plausibly pled her sick leave claim, it has not moved to dismiss for failure

to state a claim. *See* Reply at 4–7 ("[S]hould the Court find Plaintiff's argument persuasive, Defendant respectfully requests that, before ruling on this motion, the Court permit supplemental briefing on the viability of Plaintiff's alleged failure to pay sick leave claim."). Nor has Satellite shown Carralez cannot overcome any pleading deficiencies by amending the complaint, as section 233 provides a private right of action for employees like Carralez. *See* Cal. Lab. Code § 233(e); *cf. Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). In short, this is not a case where the court "will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses*, 460 U.S. at 28.

Second, the *Soliman* action, limited to Satellite's California employees, would not resolve Carralez's nationwide class and collective claims, which concern Satellite's out-of-state employees. *Compare Soliman* SAC ¶ 23 *with* Compl. ¶¶ 38–39. While Satellite relies on cases in which courts granted a partial stay to the extent federal and state cases shared similar class allegations,[2] Mot. at 16–19, even those cases make clear the court should not stay a nationwide class or collective claim if such a claim is not alleged in the state action, *see, e.g., Gintz v. Jack In the Box, Inc.*, No. 06-02857, 2006 WL 3422222, at *6–7 (N.D. Cal. Nov. 28, 2006) (refusing to stay plaintiff's nationwide class claim because state class action for California employees "will not resolve the federal claims of those members of the nation-wide class."). Those cases also make clear this court should consider Carralez's nationwide class and collective allegations for purposes of a *Colorado River* analysis, even though she has not moved to certify her class or collective. *See, e.g., id*. at *1, 7 (refusing to stay plaintiff's nationwide class claim based on a state action for California employees, even though no class had been certified in plaintiff's case); *contra* Reply at 7. At this juncture, those allegations raise "substantial doubt" as to whether the *Soliman* action "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," and "it would be a serious abuse of discretion to grant the stay or dismissal at all." *State Water*, 988 F.3d at 1203.

---

[2] Satellite here has not requested a partial stay. *See* Mot. Nonetheless, the Ninth Circuit recently held "a partial *Colorado River* stay generally is not permissible" because it "does not further the basic purpose of the *Colorado River* doctrine . . . [which] exists for the conservation of judicial resources." *State Water*, 988 F.3d at 1025–26.

4

For the reasons above, the court **denies** Satellite's motion to dismiss or stay.  Because *Soliman* would not resolve all issues currently raised in this case, the court need not consider other factors of the *Colorado River* doctrine.  *Id.*

### IV.   CONCLUSION

The court **denies** defendant's motion to dismiss or stay (ECF No. 6).  Accordingly, the motion hearing and status (pretrial scheduling) conference set for December 9, 2022 are **vacated.**  The status conference is **reset** for December 15, 2022 at 2:30 p.m.

IT IS SO ORDERED.

DATED:  November 29, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE