UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Maria Carralez, | No. 2:22-cv-01613-KJM-DB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Satellite Healthcare, Inc., | |
| Defendant. | |

This matter is before the court on the parties' joint stipulation to dismiss this putative class action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Joint Statement of Dismissal, ECF No. 33. As explained below, the court **approves** the stipulation.

Plaintiffs may dismiss their individual claims without court order under Rule 41(a)(1)(A)(ii). However, under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e); *see also* Fed. R. Civ. P. 26(e) advisory committee's note to 2003 amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); Fed. R. Civ. P. 26(e) advisory committee's note to 2018 amendment ("The introductory paragraph of Rule 23(e) is amended to make explicit that its procedural requirements apply in instances in which the court has not certified a class at

1

the time that a proposed settlement is presented to the court."). Here, because no class has been certified and there is no class proposed to be certified for purposes of settlement in this case, the court need not approve the parties' stipulation. *See, e.g.*, *Richey v. GetWellNetwork, Inc.*, No. 20-02205, 2021 WL 424281, at *3 (S.D. Cal. Feb. 8, 2021); *Licea v. Adidas Am., Inc.*, No. 22-02077, 2023 WL 3431924, at *2 (C.D. Cal. Mar. 22, 2023).

Nevertheless, Rule 23(d)(1) allows the court to "issue orders that . . . require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of . . . any step in the action . . . ." Fed. R. Civ. P. 23(d)(1)(B)(i); *see also Del Rio v. CreditAnswers, LLC*, No. 10-346, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011). Similarly, the court may also consider "whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable reliance expectation of the maintenance of the action for the protection of their interests," and the court may "inquire into possible prejudice from . . . lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations." *Del Rio*, 2011 WL 1869881, at *2–3 (internal marks and citations omitted).

Here, the court is satisfied dismissal of this action will result in no prejudice to the putative class members. No notices have been sent to members of the putative class and potential class members are unlikely to have relied on this action to vindicate their interests. *See* Joint Statement of Dismissal; *see, e.g.*, *Castro v. Zenith Acquisition Corp.*, No. 06-04163, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007). Moreover, the parties plan to process their settlement before the Santa Clara County Superior Court with an earlier filed class action pending before the Superior Court. Joint Statement of Dismissal. The proposed settlement in the state court resolves the class, collective and PAGA representative claims, and so that proposed settlement will require court approval. *See* Stipulation, ECF No. 26. Lastly, the court notes "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).

///

1       For the reasons above, this action is dismissed without prejudice.  The case is **closed.**

2       IT IS SO ORDERED.

3 DATED:  November 21, 2023.

                                                  CHIEF UNITED STATES DISTRICT JUDGE